## C. H. Norton v. The State.

No. 12980.    Delivered March 5, 1930.
Reported in 25 S. W. (2d) 845.

The opinion states the case.

*J. S. Jameson* of Fayetteville, Ark., for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, five years in the penitentiary.

The conviction was for burglary of a school building on January 5, 1929, from which was taken sixty-five dollars or more in money, together with a quantity of silverware, linen and salt and pepper shakers. No one testified to seeing appellant in the town or county where the burglary occurred about or near the time thereof. The State introduced a boy named Kerce who testified that sometime after the alleged burglary in Bowie, Texas, witness met appellant in Lubbock, and later met him at Fort Worth, at which latter point he says appellant told him that he had about a three weeks' old job in Bowie. Kerce testified that he and appellant went to Bowie, and that after their arrival in said town he saw appellant go under what he calls "a tin barn" and that when appellant came out his breath had the odor of whisky, and he asked appellant if there was whisky under said barn, to which appellant replied no. Kerce testified that he and appellant met three other boys at the Rock Island depot in Bowie, and that they discussed their various travels and exploits at some length. These boys were Ernest Henderson, a boy called Whitey, and Jim Boling. Kerce said he spent the night at the depot. Sometime during the next day he and Boling went out in the country and waited for Henderson to bring a package out to where they were. Henderson testified that on the night Kerce stayed at the depot he and appellant went up into the town of Bowie and got a room; that after they had eaten supper appellant left the

room, saying he was going down to the depot, and that he returned about three A. M. the next morning, at which time he displayed quite a quantity of money, some fives, tens, twenties and one dollar bills, according to Henderson's testimony. He also said that appellant told him that he had been rustling. Also that when he and appellant went from the depot up to where they got their room they passed by a barn with a tin roof, and that appellant went under said barn and handed out to witness a package which he said contained two punches, which witness handed back to appellant and the latter put same back under the barn. Henderson further testified that after he ate breakfast the next morning he went down to this barn which had the tin roof, and went under it and found up over a board a package wrapped in newspapers, which he took and carried out to a point in the country where he met Boling and Kerce. They opened said package and, according to the testimony of Henderson and Kerce, its contents was a quantity of silverware, salt and pepper shakers and linens which were identified by them upon the trial, and which were also identified by the school authorities as being those taken from the school house. Henderson further testified that Jim Boling took said articles from the place in the country where they examined said package, and left with said articles in the package going toward Bowie. A deputy sheriff testified that he found the package at the White Swan Cafe under the counter where Jim Boling had it in his possession. The above is substantially the testimony against appellant.

We regret our inability to agree with the State that this testimony makes out a case against this appellant of burglary. He was never seen in possession of any of the property taken from the school building. It would appear an altogether improbable theory that appellant would have taken sixty-five dollars in greenbacks or some other kind of money from the school building on the night of January 5th, which money carried with it no other means of its identification than ordinary currency,—and that this was the same money which appellant had in his possession when he came into the room where Henderson saw him about three o'clock in the morning on the 27th or 28th of January. It is not even suggested that this was the same money that was taken in the burglary. There is nothing in the record, so far as we understand it, indicating that the punches which Henderson said appellant produced from under the tin roof barn, were used in effecting an entry into the school building, except the entry into the office of the school building was effected by tearing the lock to pieces, but there was no testimony that

any punch was used in tearing the lock up. There was testimony that other offices entered on the night of the alleged burglary were probably entered by the use of skeleton keys. None of the witnesses testified to having seen appellant in possession of the package referred to. Henderson said he found it under the tin roof barn, over a board. Appellant was not present at the time. No statement of appellant admitting either participation in the alleged burglary or claiming ownership or possession of the package referred to, is in testimony. The pertinent facts seem to amount to no more than these, viz.: Some money was taken from the school building on the night of January 5th; some money was exhibited by this appellant on the morning of January 28th, which he said he had rustled for. Some silverware, salt and pepper shakers and some linen were taken from the school building on the night of January 5th; these articles were found in a package under a barn on January 28th, under which barn appellant went twice on January 27th, emerging on one of these occasions with the odor of whisky on his breath, and on the other of said occasions with two punches which were at once put back under the building, and of whose size, use or description we get nothing from the record. The only other thing in this record is the fact that Kerce says that he and appellant stayed all night in the Rialto hotel in Fort Worth about the 20th of January, at which time appellant told him he had a three weeks' old job in Bowie. Officers went to the register of the Rialto hotel and found that Kerce and appellant had registered there on several nights about the time mentioned. We do not believe these facts of sufficient cogence or that they present with sufficient certainty the fact that this appellant was in Bowie, Texas, on the night of the 5th of January, 1929, and burglarized the school building mentioned. A stronger case would appear to be made out against Henderson, who was actually seen by Kerce in possession of the package which was turned over to Boling and taken from Boling's possession by the officers and found to contain the alleged stolen silverware, etc. Equally as strong a case could be made against Boling, who now seems to have disappeared, but in whose possession the officers found the package containing the alleged stolen property. The learned trial judge submitted the case to the jury upon the theory of circumstantial evidence, and we find no fault in the manner of trial other than the refusal of a special charge asked by appellant that the jury be told they should return a verdict of not guilty because of the insufficiency of the testimony.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*